**Appeal of ROTH HOTEL CO.**                    **Docket No. 542.**

Submitted April 13, 1925; decided May 6, 1925.

*Samuel G. Ordway, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.*, for the Commissioner.

Before GRAUPNER, LITTLETON, and GREEN.

This is an appeal from a deficiency in income and excess-profits taxes for the fiscal years May 1, 1919, to April 30, 1920, and May 1, 1920, to April 30, 1921, in the total sum of $6,561.79.

There are in the appeal only two issues; first, the value, if any, for the purpose of computing invested capital, to be assigned to a certain leasehold acquired by the taxpayer in exchange for stock; and second, the right of the taxpayer to amortize the value of said leasehold and deduct annually the aliquot part thereof.

### FINDINGS OF FACT.

In the early part of the year 1908 certain public-spirited citizens of the City of St. Paul, Minnesota, decided that that city was in serious need of a first-class hotel. These citizens, with funds raised

by popular subscription, purchased for the sum of $150,000 the site of the present Hotel St. Paul. Difficulties in financing were encountered and finally solved by donating the site to L. P. Ordway, with the understanding that he erect a suitable building to be leased at a reasonable rental to some suitable hotel operator. A committee, after careful investigation, decided that John C. Roth, now deceased, was, by virtue of his successful operation of two large hotels in Chicago, well qualified to assume the management of the new hotel. In order to induce Mr. Roth to undertake the project, Mr. Ordway offered to lease the hotel to him for 20 years for an annual rental for the first year equivalent to four per cent of the cost of the building and the land; for the second year, five per cent of such cost; and for the remaining years, six per cent of such cost. The lessor also assumed the taxes, assessments, insurance, etc. The offer was accepted, the hotel constructed, the agreed cost for rental purposes being $779,000, and Mr. Roth went into possession in 1909 and operated the hotel.

In 1909 the Roth Hotel Company, a corporation (the taxpayer herein), was organized with a total capitalization of $400,000, divided into $200,000 preferred stock and $200,000 common stock. The preferred stock was sold for cash. Of this amount Mr. Roth took $10,000. The common was issued to him in exchange for his lease. All matters and proceedings incident to this exchange were handled with extreme care. Mr. Roth submitted a formal offer. A meeting of the board of directors (eight in number, of which Mr. Roth was one) was called; the offer was submitted; a committee of three was appointed to examine the offer, determine the value of the lease and make a formal report. This committee reported that it considered the lease worth $200,000. The directors approved the report and declared the lease in their judgment to have a value of $200,000. A stockholders' meeting was called, at which meeting the action of the directors and their valuation was approved. Thereafter, the lease was assigned and sometime later the stock was issued. We are satisfied that the lease had a value of $200,000 at the time it was exchanged for common stock.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

GREEN: The Commissioner offered no evidence and all of the facts are uncontroverted. The depositions of numerous witnesses, all reputable citizens of St. Paul and qualified by experience and knowledge, were taken, and all placed on said lease at the time of the exchange a valuation of $200,000, which value we believe to be correct. In some instances these witnesses went into detail as to their reasons for such valuation, and such detail indicated their valuation to be based on sound business judgment. The taxpayer having acquired the lease of the value of $200,000 in exchange for stock, it is entitled to include it in its invested capital at such value. This disposes of the first issue.

The second issue must also be resolved in favor of the taxpayer. Under the decisions of this Board in the *Appeal of Hotel De France Co.*, 1 B. T. A. 28, and the *Appeal of Grosvenor Atterbury*, 1 B. T. A. 169, the value of the lease may be amortized and an aliquot part deducted annually.